IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cv-187 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| FORTY-NINE THOUSAND, EIGHT HUNDRED EIGHTY DOLLARS AND SIX CENTS ($49,880.06) IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |

**DEFAULT JUDGMENT AND DECREE OF FORFEITURE**

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture (Doc. 8). The instant motion seeks a default judgment against the defendant, Forty-Nine Thousand, Eight Hundred Eighty Dollars and Six Cents ($49,880.06) in United States Currency; Tyshawn Jackson; Lawrence Parish; LaTasha Underwood; and all other persons and entities who might have an interest in the defendant. The motion also seeks a decree of forfeiture against the defendant.

The United States filed a Verified Complaint for Forfeiture *In Rem* on March 18, 2021, against Forty-Nine Thousand, Eight Hundred Eighty Dollars and Six Cents ($49,880.06) in United States Currency. (Doc. 1.) Cameron C. Rice, who is a Special Agent with the Drug Enforcement Administration, verified the complaint. (*Id.*)

The complaint alleges that the defendant is subject to forfeiture under 21 U.S.C.

§ 881(a)(6) because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. (*Id.*)

A Warrant of Arrest *In Rem*, issued by the Court on March 23, 2021, directed the United States Marshal Service ("USMS") or its delegate(s) to arrest the defendant. (Doc. 2.) In accordance with the warrant, the USMS arrested the defendant, bringing it within the jurisdiction of the Court. (Doc. 3.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice instructs the potential claimant or the potential claimant's attorney of the following: 1) the date when the notice was sent, 2) the deadline for filing a claim which is at least 35 days after the notice was sent, 3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and 4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A).

In this case, the United States represents that it has sent direct notice of this action with a copy of the complaint to all known potential claimants.

On March 25, 2021, the United States sent direct notice and a copy of the complaint by regular and certified U.S. Mail to potential claimant Tyshawn Jackson through his attorney, William R. Gallagher, Esq., advising him that the deadline for filing a claim was April 29, 2021.

(Doc. 5.)

On March 25, 2021, the United States also sent direct notice and a copy of the complaint by regular and certified U.S. Mail to potential claimants Lawrence Parish and LaTasha Underwood, advising them that the deadline for filing a claim was April 29, 2021. (*Id.*)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on March 26, 2021, for 30 consecutive days. (Doc. 4.)

On May 28, 2021, the Clerk of this Court entered a default against Tyshawn Jackson; Lawrence Parish; LaTasha Underwood; the defendant, Forty-Nine Thousand, Eight Hundred Eighty Dollars and Six Cents ($49,880.06) in United States Currency; and all other persons and entities who might have an interest in the defendant as authorized by Rule 55(a) of the Federal Rules of Civil Procedure for failure to file a claim and answer as required by 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 7.)

No person or entity has filed a claim to the defendant or an answer to the complaint, and the time to do so has expired.

Therefore, it is hereby **ORDERED** that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is granted to the United States against the following:

1. The defendant, Forty-Nine Thousand, Eight Hundred Eighty Dollars and Six Cents ($49,880.06) in United States Currency;

2. Tyshawn Jackson;

3. Lawrence Parish;

4. LaTasha Underwood; and

5. All other persons and entities who might have an interest in the defendant,

for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further **ORDERED, ADJUDGED,** and **DECREED** that:

1. All right, title, and interest in the defendant is **CONDEMNED** and **FORFEITED** to the United States, pursuant to 21 U.S.C. § 881(a)(6), because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846;

2. All right, title, and interest in the defendant is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The United States or an authorized agent thereof shall dispose of the defendant in accordance with the law; and

4. The Court shall retain jurisdiction to enforce the terms of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

4